PLANA, RECURRENTE, *v.* EL REGISTRADOR DE CAGUAS, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Caguas denegando la inscripción de una escritura de compraventa.

No. 358.—Resuelto en junio 6, 1918.

EDIFICACIÓN—SOLAR DE UN MUNICIPIO—USUFRUCTO—DEFECTO SUBSANABLE—AMBIGÜEDAD.—Cuando una persona que tiene inscrito en el registro el derecho de usufructo de un solar perteneciente a un municipio solicita la inscripción de una casa construída sobre el mismo y adquirida a título de edificación, no hay duda alguna de que haya edificado la casa; y menos, cuando, como en el presente caso, las manifestaciones del usufructuario están apoyadas por una certificación del secretario municipal, en la que se expresa que el usufructuario posee una casa construída sobre el solar de que se trata.

Los hechos están expresados en la opinión.

Abogado de la recurrente: *Sr. Andrés Mena.*

El registrador recurrido, Sr. Francisco Socorro, no compareció.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Por escritura pública de 18 de enero de este año otorgada por don Hilario Martínez, Doña Francisca Plana y su esposo Don Agapito Rivera, hizo constar el primero que era usufructuario de un solar en la ciudad de Caguas por cesión que le había hecho su municipio; que en el solar enclava una casa de maderas con techo de zinc, que es de su propiedad y tiene las mismas colindancias que el solar cuya descripción hizo; que vende la casa a Doña Francisca Rivera por ciento treinta y cinco pesos; y que para los efectos legales, para la previa inscripción de la venta efectuada, solicitaba la inscripción a su nombre en el registro de la propiedad de la casa enajenada, queriendo y consintiendo que dicha inscripción se haga por título de edificación en el solar que ocupa.

La compradora hizo constar, por su parte, que el precio de la compra procedía de los cuatrocientos pesos en que había vendido en mayo del año anterior una casa que había adquirido por herencia de su padre.

Ese documento fué presentado en el registro con un escrito del abogado de dichos esposos en el que hace constar que según certificación que acompañaba del secretario municipal de Caguas, el vendedor había adquirido el usufructo de dicho solar, que en él edificó una casa de maderas con techo de zinc, que interesaba a sus representados que se inscribiera el usufructo del solar a nombre de Martínez y consiguientemente la edificación para a su vez practicar la inscripción de la compraventa, y que hacía constar que el solar vale aproximadamente treinta y cinco dólares.

La certificación a que se hace referencia en efecto hace constar la cesión del usufructo de dicho solar y que en él posee don Hilario Martínez una casa de maderas, terrera y techo de zinc, construída con autorización del municipio.

El solar a que venimos refiriéndonos fué inscrito en el registro a favor del Municipio de Caguas en cuanto al dominio y a nombre de Martínez por su usufructo, constando del asiento de inscripción que según la certificación que sirve para la inscripción, en el solar posee Hilario Martínez una casa de maderas, terrera con techo de zinc, construída con autorización del municipio.

En cuanto a la compraventa el registrador negó la inscripción según aparece de la siguiente nota puesta al pie del documento:

"Denegada la inscripción del precedente documento, que es la escritura número diez y seis, otorgada en esta ciudad, el diez y ocho de enero del corriente año, ante el Notario Lorenzo Jiménez García, con vista, del escrito que se relacionará, y en cuanto a la edificación de la casa a favor de Hilario Martínez, porque si bien éste manifiesta que dicho inmueble le pertenece en propiedad y que para la previa inscripción de la venta que de la mencionada casa ha efectuado, solicita la inscripción a su nombre de la mencionada casa, y que

quiere y consiente que dicha previa inscripción se haga por título de edificación, esa ambigua expresión no produce el convencimiento, ni prueba, que la referida casa haya sido edificada por el señor Martínez, no expresándose en caso contrario el nombre de la persona o personas de quienes dicho inmueble procede, requisito indispensable en este caso no sólo porque el artículo 75 del Reglamento de la Ley Hipotecaria exige se haga constar en la inscripción el título de adquisición del que transfiere el derecho, sino porque tratándose, como se trata, de una finca que ha de inscribirse por primera vez, esta escritura no aporta los elementos necesarios para que pueda hacerse una investigación completa de los libros del registro con el fin de averiguar si la aludida casa se halla o no registrada a favor de alguna otra persona, y porque si la adquisición no la ha verificado el Señor Martínez por edificación, y si por cualquiera otro concepto, la forma elegida para obtener la inscripción no es el medio adecuado puesto que la Ley Hipotecaria en sus artículos 390 y 395 determina claramente los medios de que puede valerse el que, careciendo de título escrito, desee obtener la inscripción de algún inmueble; y si bien en escrito autorizado el 13 de este mes por Andrés Mena como abogado de los esposos Francisca Plana y Agapito Rivera, dueños actuales de dicha casa, se expresa también que el nombrado Hilario Martínez edificó la repetida casa, ese documento, que es un simple documento privado, no es suficiente para acreditar extremo tan importante, no sólo porque el Honorable Tribunal Supremo en diversas resoluciones, y entre ellas en la número 211 de 19 de febrero de 1915, ha declarado que un *affidavit,* que reúne más solemnidad que un documento privado, no es bastante para lograr que sea inscrito un título que carezca de algún requisito esencial, sino también porque dicho escrito ni siquiera está autorizado por el interesado que en este caso es el repetido Hilario Martínez, único que puede y debe hacer constar en forma auténtica, o sea en documento público como exige el artículo 3º. de la Ley Hipotecaria, la forma en que adquirió el inmueble, habiéndose tomado en su lugar y en cuanto a dicha edificación, anotación preventiva por el término de 120 días al folio 186 vuelto del tomo 57 de esta ciudad, finca número 2662, anotación letra A; y denegada también la inscripción de la venta de dicha casa a Francisca Plana porque dicho inmueble no se halla registrado a favor del vendedor, quien sólo tiene a su favor una anotación preventiva por 120 días, no hallándose tampoco registrada dicha casa a favor de ninguna otra persona; habiéndose tomado respecto a dicha venta anotación preventiva por término de 120 días al folio

188 vuelto del mismo tomo y finca, anotación letra B en la que se hizo constar además el defecto subsanable de no haberse acreditado que el dinero empleado en la compra por Francisca Plana sea de su exclusiva pertenencia.''

Por lo expuesto vemos que la razón que tiene el registrador para negar la inscripción de la casa a favor de Martínez, y en consecuencia la venta de ésta a la recurrente, es que hay ambigüedad respecto a si Martínez edificó la casa.

Nosotros no encontramos tal ambigüedad pues las manifestaciones de Martínez de que la casa que vende es de su propiedad y que permite que se inscriba a su nombre a título de edificación, no hacen surgir duda alguna de que haya edificado esa casa. Ni tampoco la certificación del Secretario del Municipio de Caguas suscita ambigüedad en la idea de la construcción de la casa por Martínez, pues antes al contrario la apoya al expresar que Martínez posee una casa construída en el solar que le cedió en usufructo dicho municipio.

No existiendo tal ambigüedad debió hacer el registrador la inscripción que se le pidió y también la de la compra, ya que el único motivo que tuvo para negar ésta fué la de la falta de inscripción a favor del vendedor.

Como la parte recurrente nada expone en su recurso con respecto al defecto subsanable que consignó el registrador, prescindiremos de considerarlo.

La nota recurrida debe ser revocada en cuanto negó las inscripciones que se pidieron.

*Revocada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.